CONNOR, by Guardian *ad litem,* and another, Appellants, vs. MEUER and others, Defendants: CITY OF MADISON, Respondent.

*October 13—November 7, 1939.*

For the appellants there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *D. V. W. Beckwith.*

*Harold E. Hanson,* city attorney, for the respondent.

NELSON, J.   The plaintiffs contend that the circuit court erred in holding that the complaint does not state a cause of

action against the city of Madison. That contention requires that the allegations of the complaint be fully summarized.

## First Cause of Action.

(1) The plaintiff, Robert J. Connor, Jr., at the time of the commencement of the action was nineteen years of age.

(2) The defendant, William Meuer, is a photographer by trade and has his place of business in the city of Madison. The defendant, H. E. Reynolds, is a sole trader doing business under the name of H. E. Reynolds Transfer Company. The defendant, Clint Smith, is a laborer by trade, and the city of Madison is a municipal corporation.

(3) The plaintiff duly filed a claim against the city of Madison which was disallowed.

(4) The city of Madison owns and occupies certain premises known as "Central High School," which is operated as a part of its public school system. For many years prior to 1937 it has been the custom and practice of the senior class of Central High School to have a class picture taken during and as a part of the graduating exercises, and for the purpose of taking said picture it has been customary to arrange the senior class on bleachers erected either in the high-school building or on the grounds of said school; that pursuant to said custom, the graduating class of 1937 made arrangements with the defendant Meuer to make a class picture on June 17, 1937; that the agreement whereby the defendant Meuer was to take said picture was made by a representative of the senior class of said school with the knowledge and consent of the principal of said school, as had customarily been done in previous years; that the plaintiff was a member of the senior class of said school, and on June 17, 1937, at about 1:30 o'clock in the afternoon of that day, he was directed by the principal of the said school and the defendant Meuer, with other members of the senior class, to stand on the top steps of the bleachers which had been erected on the school grounds and

against the school building located thereon, while the principal and the defendant Meuer were arranging the members of said class preliminary to taking a picture; that while this plaintiff and other members of said class were standing on the topmost steps of said bleachers and other pupils were being arranged on said bleachers, the bleachers, without warning, suddenly collapsed and the plaintiff was hurled to the ground and severely injured.

(5) The bleachers which collapsed had been erected on school property owned by the defendant city of Madison, with the knowledge and consent of the school authorities and in conformity with the usual practice of erecting bleachers for the class picture, and that said bleachers had been erected by the defendant Meuer and by the servants and employees of H. E. Reynolds, namely, the defendant Clint Smith and one Robert Cole, while they, the said servants and employees of H. E. Reynolds were acting in the scope of their employment, and that plaintiff is informed and believes that the defendant H. E. Reynolds was hired by the defendant Meuer to transport certain portions of said bleachers to the school grounds and there to erect or assist the defendant Meuer in erecting the bleachers on the school grounds; that the said bleachers were constructed of materials owned in part by said school and the defendant, William Meuer; that the bleachers constituted a public building, as that term is defined in ch. 101, Stats.; that the defendants, in violation of sec. 101.06, Stats., commonly known as the safe-place statute, wholly failed and neglected to construct the bleachers so as to render them safe, and that the bleachers were not safe by reason of the following facts and circumstances:

"(6) That the defendant Meuer and the servants and employees of the defendant H. E. Reynolds, namely Robert Cole and the defendant Clint Smith, acting within the scope of their employment, and all with the knowledge and consent of the school authorities of the Central High School of the defendant city, took certain stringers, placed one end on the ground

and leaned the other end against the side of the school building of Central High School, a considerable distance from the ground; that these stringers were supported only by an upright post or plank about halfway between the end on the ground to the wall, and were secured at the lower end by being nailed to a stake a little over a foot in length, which stake was driven in the ground; that no upright support supported the end of the stringer which leaned against the wall of the school building; that planks were placed horizontal with the ground on supports on said stringers in such a manner that they constituted steps as you went up the stringers from the ground; that by reason of the construction of said bleachers in the manner described, weight placed on the top of said bleachers would exert a force against the stakes driven in at the bottom of said bleachers, and have a tendency to pull said stakes out of the ground which would cause the bleachers to slide forward; that this plaintiff is informed and believes that this is the manner in which the bleachers collapsed on the day of the accident; that the said defendants in the construction of said bleachers hereinbefore described were negligent in not having a proper support for the end of the stringers where they leaned against the wall of the school building, and in not having said stringers rest upon planks rather than the soft earth, and in not attaching the lower end of the stringer to the planks in a safe and secure manner, so that they could not slide outward, and in like manner attaching the upright supports to said plank, so that they could not slip in either direction, or in not attaching the upper end of said stringers securely to the wall of said school building."

(7) That by the negligent construction of said bleachers, the same were not safe, or as safe as they could be reasonably made, in violation of sec. 101.06, Stats.

(8) That as a result of the collapse of said bleachers, the plaintiff was severely injured.

## Second Cause of Action.

(1) The plaintiff, Robert J. Connor, is the father of the plaintiff, Robert J. Connor, Jr., a minor, now living with

him, and who was living with him at the time of the accident described in the first cause of action.

(2) The plaintiff, Robert J. Connor, realleges all of the allegations of the first cause of action and makes them a part of the second cause of action.

(3) The plaintiff duly filed a claim against the city of Madison, which was disallowed.

(4) That the plaintiff, Robert J. Connor, has been compelled to pay out large sums of money for doctor bills, hospital bills, medical attendance, and for a long period of time has lost the services and society of his son, the plaintiff, Robert J. Connor, Jr.

The action, so far as the city of Madison is concerned, is concededly grounded upon the safe-place statute.

So much of the safe-place statute as needs consideration, is as follows:

Sec. 101.06 ". . . Every . . . owner of . . . a public building now or hereafter constructed shall so construct, repair or maintain such . . . public building, . . . as to render the same safe."

Sec. 101.01 (5) "The term 'frequenter' shall mean and include every person, other than an employee, who may go in or be in a . . . public building under circumstances which render him other than a trespasser."

Sec. 101.01 (11) "The term 'safe' . . . as applied to a . . . public building, shall mean such freedom from danger to the life, health, safety or welfare of . . . frequenters, or the public, . . . as the nature of the . . . public building, will reasonably permit."

Sec. 101.01 (12) "The term 'public building' as used in sections 101.01 to 101.29 shall mean and include any structure used in whole or in part as a place of resort, assemblage, lodging, trade, traffic, occupancy, or use by the public, or by three or more tenants."

Sec. 101.01 (13) "The term 'owner' shall mean and include every . . . city, . . . school district . . . as well as any . . . officer, or other person having ownership, control

or custody of any . . . public building, or of the construction, repair or maintenance of any . . . public building. . . ."

The plaintiffs contend that the bleachers constituted a public building as defined by sec. 101.01 (12), Stats., and in support of that contention cite *Bent v. Jonet,* 213 Wis. 635, 252 N. W. 290, wherein it was held that bleachers erected in a public park of the city of Green Bay for the purpose of providing seating accommodations for those who were entitled to witness football games played by the Green Bay Packers, and other professional teams, constituted a public building, as defined by the safe-place statute. It was there contended by the defendant that the bleachers were but temporary structures and therefore not a public building. That contention was deemed to be without merit. Although the structure in that case was temporary in the sense that it could and would be taken down at the end of the season, that fact was held not to militate against its being considered a public building, as that term is broadly defined by the safe-place statute.

In our opinion, the bleachers erected upon the school grounds by the defendant Meuer, Reynolds, and the latter's servants, pursuant to an agreement made by a representative of the senior class with defendant Meuer, and for the sole purpose of taking a class picture, did not constitute a public building as defined by the safe-place statute. If it had been alleged in the complaint that the city of Madison owned or constructed the bleachers, or that some officer of the city had the control or custody thereof, a different situation would be presented. There is no allegation in the complaint that the city of Madison either owned, constructed, or maintained the bleachers, or that any of the officers had the control or custody thereof. All that the complaint alleges is that the bleachers were erected on school property owned by the city, with the knowledge and consent of the school authorities,

presumably referring to the principal of the school, since no other officer or employee of the city is mentioned in the complaint. In our view, the failure to allege that the city of Madison owned, constructed, or maintained the bleachers, especially in view of the allegations that the bleachers had been erected by the defendant Meuer and the servants and employees of the defendant Reynolds, who was hired by Meuer, to transport certain portions of the bleachers to the school grounds, and to assist in the erection of the bleachers on the grounds of the school, presents a fatal defect in the complaint so far as the city of Madison is concerned. To hold under the facts alleged in the complaint that the city of Madison is liable under the safe-place statute for the injuries and damages sustained by the plaintiffs would be to stretch the meaning of the words of the safe-place statute to lengths clearly, in our opinion, not contemplated by the legislature, and to apply the statute to a situation to which the legislature never intended that it should be applied.

It is conceded that under the well-established law of this state the city of Madison is not liable for the negligence of its employees, while acting in a governmental capacity.

*By the Court.*—Order affirmed.

WICKHEM, J., took no part.